## GEORGE G. BARTLETT *versus* JOHN HAMILTON.

If an agent, having money in his hands belonging to his principal, voluntarily intermingles it with money belonging to himself or to other persons, and, on being sued therefor, defends on the ground that the money was stolen from him without fault or negligence on his part, the burden of proof is on him to show that the identical money was stolen which belonged to his principal.

EXCEPTIONS from the ruling of DAVIS, J.

ASSUMPSIT upon an account annexed to the writ, which also contained a count for money had and received.

The defendant admitted the money sued for to have been in his hands, but alleged that it was stolen from him, and for that reason he was not liable to pay it to the plaintiff.

The facts appear in the testimony of the defendant, who testified that he was master of a schooner engaged in the ordinary coasting business between Bluehill and Boston; *that* the plaintiff shipped by him fifteen barrels of oil for Boston, with directions to sell the same, and, after purchasing some goods for plaintiff, a memorandum of which was given him, to bring back the balance of the proceeds to the plaintiff; *that* several other persons sent oil by him at same time, and had done so at other times; that he sold the oil in Boston, and, after purchasing the goods as directed, he brought back the balance of the proceeds; *that* he saw the plaintiff the day after he returned and told him his money was ready; *that* he was not at his vessel, where the money was, at the time, but was about one-fourth of a mile from it; *that* plaintiff said he could not call for it then, but would call some other time; *that* he, defendant, kept the money locked up in a drawer in the cabin; *that* he sold the oil of the plaintiff and that of other persons to the same man in Boston from whom he received the proceeds; *that* he did not keep the money belonging to the different shippers separate, but mixed it together and with his own money; *that* out of this common fund he paid the other shippers, and also paid wages to

his men; *that* in about a week afterwards the plaintiff called to settle, and when he went to his drawer for the money, he found that it had been broken open and between $260 and $270 stolen; *that* there was only a little more than $100 left; *that* he paid the plaintiff $100, and had not paid the remainder; *that* he charged the plaintiff and others for whom he carried oil 20 or 25 cents per barrel for doing the business, but made no distinct charge for bringing back the money.

Upon this testimony, the presiding Judge instructed the jury, with other instructions to which no exceptions were taken, that if the defendant voluntarily mixed the money of the plaintiff with his own money and the money of other persons in his hands, so far as the burden of proof rested upon him to show that the money was stolen, he must prove the money stolen to have been the identical money belonging to the plaintiff. To this the defendant excepted.

*Exceptions overruled.*