Smith, ex'r, *vs.* Rosser.

JAMES G. SMITH, executor of ELIAS D. HINES, deceased, plaintiff in error, *vs.* ELIJAH ROSSER, defendant in error.

When a bill was filed by the legatees under the will of a testatrix, against the defendant as executor thereof, to account for the value of certain slaves held by him as such executor, and upon the trial of the cause, in October, 1859, it was shown, that one of the slaves died without any fault of the defendant : *Held*, that the defendant was not liable as executor, for the value of such dead slave, that the loss of the slave by the act of God, should fall upon the estate of the testatrix, and not upon the defendant as executor ; there not being sufficient evidence in the record to show such a *tortious* conversion of the slave prior to his death, by the defendant as such executor, as would make him liable for his value.

Equity.    Motion for new trial.    Tried before Judge WORRILL.    Harris Superior Court.    October Term, 1859.

This case was returned to Macon Term, 1860, but by the death of Hines was continued, till at this term his executor was made a party. Elijah Rosser and his wife, (formerly Nancy E. E. George,) Roland Hines and his brothers and sisters, Elizabeth, Lamech, Augusta, Mary, Josephus, Henry, and Nancy, all children of Lamech Hines, by their bill averred as follows : On the 28th of February, 1828, Nancy Hines executed her last will and testament containing the following devises :

Item 1st, I give and bequeath unto my son, Elias D. Hines, a negro woman by the name of Sarah, and a boy by the name of Richard, and also, one bed and furniture, to him and his heirs forever.

Item 2d. I give and bequeath unto the legitimate heirs of son Lamech H. Hines, a negro man by the name of Bob, and a negro girl by the name of Betty, and also one bed and furniture, and my desire is that the property in this second item shall, in nowise, be considered the property of said Lamech H. or at any future period be subject to the payment of his debts or contracts.

Item 3d. I give and bequeath unto my grand-daughter, Nancy Elizabeth E. George, a negro girl by the name of Lucy, and also one bed and furniture, and do hereby appoint

24

my son Elias D. Hines, her testamentary guardian, who shall keep the property in this item mentioned, as guardian aforesaid, until the said Nancy Elizabeth E. George marries, or arrives at the age of twenty-one years.

Item 4th. My will and desire further is that if the said Elias D. Hines should die without issue, or the said Nancy Elizabeth E. George should die without issue, or all the legitimate heirs of the said Lamech H. Hines, should die without issue, then and in that event, the legacy hereinbefore given and bequeathed to the legatees so dying, shall vest in and be equally divided between the surviving legatees hereinbefore mentioned. The balance of the will appointed Elias D. Hines her executor,—authorized the payment of her debts and "the residue, if any, to be equally divided among the legatees above named."

In 1842, testator died, leaving said will and an estate of lands, negroes, horses, mules, stock, money, notes, furniture, etc., to be disposed of under said will. Elias D. Hines qualified as such executor, and, as such, took into his possession all of said estate. Twelve years before the death of testator, said Sarah bore a boy child named Bose, and two years after a girl child named Ann. These two negroes are worth $2000.00, and their hire is worth $200.00 per annum, and said Elias D. Hines took them as such executor—has held them for eleven years, appropriating the proceeds of their labor to his own use.

Testator, shortly before her death, paid $450.00 to one Cochran to and for the use of Elias D. Hines to pay in part for the land on which he lives, and in her lifetime requested Hines to convey half of it to her, but he failed to do so. As such executor, he took possession of three mules belonging to said estate, worth $300.00, and a bed and furniture belonging to Lamech Hines' heirs, etc., and has converted the same to his own use.

This bill was filed against the defendant as executor, and the prayer of the bill was for discovery, account and settlement.

By his answer, the defendant admitted all the forgoing

statements with the following exceptions : He said the bed and furniture intended for and going to Lamech Hines' heirs was delivered to him in Jasper county in the lifetime of testator ; he bought the land from Cochran with his own, and not with the testator's money; and further, he pleads to this the statute of frauds and statute of limitations—the mules were his, and never were hers; Sarah was held by him, not under the will, but by virtue of a parol gift from testator before she made the will ; he had, by virtue of said gift, had exclusive control of and title to her always since said gift, and that her children, Bose and Ann, were born his slaves, and neither they nor their mother passed under said will. Further, on this last point, Bose died in 1850, by sickness and without his fault; and that he had delivered to said Lamech Hines, as guardian of his children, all the property coming to them, and had fully settled up said estate as appeared by his exhibited returns, showing only a balance of $76.43 (besides the specific legacies) after paying debts, etc., and lastly, that said Lucy also died soon after said will was made, and long before the death of the testator ; and against all these claims he plead the statute of limitations. Before trial, defendant moved to dismiss the bill for want of equity, which motion was overruled. Upon these various issues there was much evidence showing that the testator and this defendant had lived together in Jasper county, Georgia, before and when the will was made; he moved to Harris county, Georgia, and testator there lived with him till he was married, and then on the same lot two or three hundred yards only from him ; he managed the farm and all the property all the time, and the point of difficulty was whether he was, during his mother's life, holding the negroes for her, and after her death, under her will, or whether, as he asserted, he held the property, about which the dispute was, as his own, and independently of said will. A more particular statement of the evidence is unnecessary.

The charge of the Court does not appear by the record. The verdict was against the defendant for costs and $858.43

in favor of Lamech Hines' children and for $965.73 in favor of Elijah Rosser.

The defendant moved for a new trial upon the grounds that the verdict was contrary to the evidence, etc., and that the Court erred in overruling the motion to dismiss the bill for want of equity; in refusing to charge as requested, as follows: 1st. " If the jury believe that the boy Bose died by the act of God, and without any fault of defendant, and if complainants made no claim on defendant for him, and if defendant, in good faith, believed said boy was his, and as such, retained possession of him till his death, then defendant is not liable for the value of said boy. 2d. If the jury believe, from the evidence, that there was a contract in reference to the land—that defendant was to make titles to Nancy Hines for a portion of it, then such contract would be void under the statute of frauds, and complainants cannot recover for that item. 3d. If the jury believe, from the evidence, that any money was advanced by Nancy Hines to defendant, and if they further believe that four years elapsed from the time it was advanced to the death of Nancy Hines, then the claim for the same on the part of Nancy Hines, was barred in her lifetime by the statute of limitations, and complainants cannot recover. If the jury believe that Lamech Hines was guardian for his children, appointed in the State of Alabama and knew the terms of the will and the facts connected with the same, and allowed more than four years to elapse before bringing suit, then the claim of his children is barred by lapse of time and the statute of limitations."

The motion for new trial was overruled, and this is assigned as error.

INGRAM & RUSSELL, for plaintiff in error.

WILLIAM DOUGHERTY, B. H. HILL and J. N. RAMSEY, for defendants in error.

WARNER, C. J.

This was a bill filed by the legatees under the will of the testatrix, against the defendant as executor thereof, for an account of the property of the testatrix which came into his hands as such executor, including certain negro slaves.    The cause was tried in October, 1859, and a verdict found for the complainants.    A motion for a new trial was made in the Court below, which was overruled, to which the defendant excepted, and now assigns the same for error here.    It appears from the record, that the defendant claimed three of the negroes in controversy, to-wit: Sarah and her two children, Bose and Ann, as his individual property under a parol gift from the testatrix in her lifetime, and had retained possession of said negroes under said gift as the owner thereof, under a *bona fide* claim of right, and title thereto.    The complainants insisted that the parol gift of Sarah was invalid, and that the defendant held her and her two children as the executor of the testatrix, and was liable to account therefor as such executor. It appears that Bose died from sickness in 1850, without any fault or neglect of the defendant.    The defendant and testatrix lived upon the same lot of land, and he managed and controlled her property.    Upon the trial the counsel for the defendant requested the Court to charge the jury that "If they should believe that the boy Bose died by the act of God, and without any fault of defendant, and if complainants made no claim on defendant for him, and if defendant, in *good faith*, believed said boy was his, and as such, retained possession of him till his death, then defendant is not liable for the value of said boy."    We think that under the evidence in this record, this request ought to have been given in the charge to the jury.    If, as the verdict shows, the boy Bose was the property of the testatrix, and was held by the defendant as her executor, and while in his possession as such, he died by the act of God, the loss should fall upon the estate of the testatrix, and not upon the defendant; unless by some *tortious* act of the defendant he is liable to account for his value. The assertion of title to the property, under the evidence in

this case, is not such a *tortious* act as would make him liable to the complainants as executor of the testatrix, for the value of the boy ; especially, when no demand had ever been made upon him for his value, before the institution of this suit. The principle asserted in the 3023d section of the Revised Code (although not declared as positive law, at the time of this trial) is, we think, a sound principle applicable to the facts of this case, so far as the defendant's liability for the value of the boy Bose is concerned.

Let the judgment of the Court below be reversed, and a new trial granted.