ALEXANDER WOOD

*vs.*

NATHAN MYRICK, *et al.*

An administrator, retaining in his hands money of the estate of which he is administrator for more than five years, not having made any effort during his whole administratorship to settle the estate, is not entitled to credit against the estate for the loss of the money through the insolvency of a broker with whom he had deposited it for safe keeping, although the circumstances attending such deposit and loss were not otherwise negligent on his part.

This action was brought in the district court for Blue Earth county against Nathan Myrick, and the sureties on his bond, as administrator of the estate of William Wood deceased. The

defendants appealed from an order of said court sustaining a demurrer to certain portions of their answer, and the order was in part sustained, and in part overruled (see 16 Minn. 494.) The case comes before the court now upon the stipulation of the parties, that a further portion of the answer shall be considered as demurred to, and the sufficiency of the facts, therein alleged, to constitute a defence, determined by the court. The portion of the answer embraced in this stipulation is set out in the opinion of the court.

DANIEL BUCK, for Appellants.

BROWN & WISWELL, for Respondent.

*By the Court.*—McMILLAN, J.—This is an action by the plaintiff upon the bond of Nathan Myrick, administrator of the estate of William Wood, deceased, in which the defendants Marks and Hanna are sureties. The defendants appealed, from the order of the district court, sustaining a demurrer to certain portions of their answer. The case was before us on this appeal at the last term, and the questions raised by the demurrer, were then disposed of. The parties now by their written stipulation agree that a further portion of the answer shall be considered as demurred to, and the sufficiency of the facts to constitute a defence determined by the court. The portion of the answer referred to by the stipulation is as follows : " That in the year 1867, the defendant Myrick, having business in the state of New York, took with him to New York city, the money originally obtained from the government of the United States, belonging to the estate of the said William Wood, deceased, being the same money for which plaintiff seeks judgment; and then and there, to-wit: in 1863, in the city of New York, defendant Myrick deposited for safe keep-

ing said money with R. W. Latham, a banker and broker of large wealth, and ample means, as reputed at that time, and that during the great financial panic, and money failure in 1867, in said city of New York, the said R. W. Latham became suddenly and utterly insolvent and bankrupt, and unable to pay his debts or depositors, and since then has been bankrupt and insolvent and unable to pay said Myrick said money, or any portion thereof; that said Myrick used his best judgment, and acted in good faith in depositing said money with said Latham, and in the usual and ordinary course of business, and that he has never been able to collect any of said money, though he has tried so to do; but that said money, and the whole thereof, has become a total loss; and said Myrick has never used any of said money, or appropriated the same to his own use or benefit whatever."

There seems to be a discrepancy between the statements in the answer, that the defendant Myrick went to New York in 1867, taking the money with him, and the averment that he made the deposit in the year 1863. This is probably the result of a clerical error in writing 1867, instead of 1863, as the year in which the defendant went to New York, and we shall so regard it.

The answer admits that Myrick was appointed administrator of this estate on the 28th of August, 1860, and it appears that some time previous to the 8th of February, 1862, the money referred to belonging to this estate came into his hands as administrator. It appears that large amounts were due to creditors of the estate, and that there were numerous heirs entitled to distributive shares of any surplus of the estate remaining after the payment of the debts of the estate; yet the answer does not show a single effort on the part of the administrator to pay the debts, or settle the estate. It is true the answer admits that on the 8th of February, 1862, the probate

Wood v. Myrick et al.

court made an order directing the administrator to pay the said creditors the several amounts stated in the plaintiff's complaint, but it also avers that he did not obey the order, nor pay any of the creditors except one, and avers that the proceeding before the probate court was without any notice to the administrator, and was without jurisdiction. It is also true, that in another portion of the answer, it is alleged that Myrick on the 8th of February, 1862, went to the office of the probate judge, and notified said judge and the plaintiff, who was then present, that he, Myrick, was ready and willing to pay all claims and accounts against the estate, and had money for such purpose then in said probate court; but that the plaintiff then and there prevented him from doing so, by taking an appeal from said decree of the probate court, and every part thereof, to the district court. But it is not alleged that the appeal has been at any time since, or is now pending; and the deposit of money alleged in the answer was not made for at least a year after the appeal was taken. If these portions of the answer could be referred to in aid of the defence under consideration, they would not be sufficient to support it; for an administrator cannot be permitted to stand idly by with the funds of the estate in his hands, and avail himself of the plea of an appeal, which, upon the facts as they appear here, if pending, should have been dismissed for want of prosecution. The answer then shows no excuse whatever on the part of the administrator for retaining the money in his hands up to the time of the deposit with Latham, much less for retaining it on deposit with a banker in New York for four years longer. If there are any circumstances which excuse an administrator from responsibility for a loss of the funds of the estate in his hands, deposited in this manner, it is very clear that the circumstances in this case do not afford such excuse to this administrator.

The demurrer to the defence is well taken, and the order allowing the demurrer is affirmed.