EDWARD L. LIVERMORE, APPELLANT, *v.* ELIZABETH WORTMAN AND OTHERS, RESPONDENTS.

*Collector of an estate — must deposit the moneys with a trust company — with what interest he should be charged for failing to do so — 1864, chap. 71.*

The appellant was appointed collector of an estate pending a contest, relative to the probate of a will in which he was named as executor. Instead of depositing the moneys received by him in an incorporated trust company, as required by chapter 71 of 1864, he deposited them first in an account kept by a firm of which he was a member, and afterwards in his individual account.

It did not appear that the moneys were used either by the firm or by him, or that he derived any profit from the deposits. Upon his accounting the surrogate charged him with interest upon such moneys at the rate of seven per cent.

*Held,* that he should have been charged with only so much interest as would have been received from the deposit if it had been made with the trust company, as required by the statute. (DAVIS, P. J., dissenting.)

APPEAL from a decree of the surrogate of the county of New York, settling the accounts of the appellant as collector of the state of James Mairs, deceased.

*Alfred Roe* and *John J. MacKlin,* for the appellant.

*S. Jones,* for the guardian *ad litem.*

*John H. Bird,* for the other respondents.

DANIELS, J. :

The appeal has been taken from so much of the decree as charged the appellant with interest at the rate of seven per cent upon moneys received by him while he acted as collector of the estate. He was appointed for that purpose pending a contest relative to the proof of a will, in which he was nominated executor, and complete authority for that purpose was conferred by statute upon the surrogate. (3 R. S. [5th ed.], 160, 161, §§ 38–43.)

As such collector, by the terms of chapter 71, Laws 1864, it became his duty, when moneys belonging to the estate were received by him, to deposit them in a trust company incorporated under the laws of the State, and having its principal office or place of business in the city of New York. This was a plain and unqualified obligation clearly defined by the terms of the statute. (Laws 1864, p. 107, § 1.)

The appellant failed to observe· the duty so enjoined upon him, probably because of some mistake or misapprehension as to its nature. But as the duty was clearly created, that circumstance, even if it existed, cannot relieve him from the consequences of a failure to observe it. The policy of the law was to require moneys so received to be placed where some income or interest could be derived from them for the benefit of the estate, and this was, in the present instance, defeated. Instead of making the deposit required by the terms of the statute, the moneys received were at first placed in the bank account of a partnership in which the collector was a member. Soon after that, a different deposit was made of them, in which they were credited in his individual account. It does not appear that they were used either by him or by his firm for any of

the purposes of their business, or that any profit was derived by him from that deposit of the money. But the absence of this circumstance will not relieve the collector from the obligation prescribed for him by the terms of the statute, nor from the consequence of omitting to do what the law in such a case has required. On the contrary, by taking this obligation upon himself, he became liable to make good to the estate all the advantages which he would have derived from the literal observance of this statutory obligation. (*Baskin* v. *Baskin*, 4 Lans., 90.)

The moneys so held by him were in his hands as a trust, and he was bound to conform his conduct to such a management of them as the law has for that purpose prescribed.

But simply because he failed to do so he did not incur any greater liability to the estate than is necessary to indemnify it against the loss sustained by reason of his failure to observe this duty. If the money had been used, either in his own business or that of the firm, or the rate of interest charged against him had in any other manner been obtained by him, this portion of the decree would have been entirely proper. But neither of these facts was made to appear in the case. It was simply an instance in which the money was retained in the collector's hands, which resulted in no other loss to the estate than the interest or income which might have been derived from the deposit if it had been made with the trust company, as that was directed by the statute. It is well known that upon such a deposit the rate of interest allowed by the surrogate could not have been obtained. It would have been much less than that, and probably not exceeding from three and a-half to four per cent in any event. To that extent alone has this estate been involved in loss; and for that reason, as no intentional misconduct has been established, the appellant should have been no further held accountable. (*Harrington* v. *Libby*, 6 Daly, 259.) A similar liability was there considered and it was deemed proper to subject it to this limitation. And a like doctrine was sanctioned by the disposition which was made of *King* v. *Talbot* (40 N. Y., 76) where the rate of interest was placed at what the trustee would probably have derived from the investment of the moneys in his hands, which it was held it was his duty to have made. The decree in this case should accordingly be modified by reducing the interest to such a

sum as would have been obtained by the appellant if he had made his deposits as the statute required that to be done, instead of retaining the moneys received by him in the bank selected by himself. And as so modified the decree should be affirmed, without costs to either party.

BRADY, J., concurred.

DAVIS, P. J. :

It appears in the case that the appellant deposited the money received by him to the credit of the firm or to his personal credit. Upon such facts the presumption is that he had the benefit and use of the funds, and he is chargeable with the legal rate of interest unless he establishes satisfactorily that he did not have any use or benefit of and from the same. Until that be shown he is properly and equitably to be charged with the full rate of lawful interest. The appellant did not show that his mode of disposing of the moneys was the result of inadvertence or misapprehension of his duties, and that in point of fact he or his firm did not make use of or have the benefit of the moneys in their business in any wise, and hence I think the order of the surrogate was right and should be affirmed.

Order as modified affirmed, without costs.