CORNELIUS H. JACOBUS

*v.*

HARRIET E. JACOBUS et al.

1. Before an order for the distribution of the proceeds of a mortgage had been made, one of the distributees died intestate, and soon afterwards one of the decedent's children applied for his share of decedent's portion, but the executor, who had charge of the fund, refused to pay him, or any one except decedent's administrator. Pending the appointment of such administrator he deposited the fund in a bank, in the name of himself, adding, "Estate of Hassel C. Jacobus," his testator. The bank was then in excellent standing, but failed before an administrator had been appointed.—*Held*, that the executor was not liable for the loss of the funds.

2. *Held, also*, that the money which was part of the proceeds of the sale of land in partition, in which the intestate had an interest, and which was invested on bond and mortgage to answer a charge on the property, was personal and not real estate, the intestate's interest therein being a vested one.

In partition. On petitions of the heirs-at-law and the administrator of Catharine Hedden, deceased, and answer thereto.

*Mr. C. G. Garrison*, for petitioners.

*Mr. R. Wayne Parker*, for respondent.

THE CHANCELLOR.

The children of Hassel C. Jacobus, deceased, being the owners in fee by devise under his will of certain real estate in this state, subject to a charge for the support &c. of a blind relative, John J. Jacobus, one of them, Cornelius H. Jacobus brought this suit in 1873 for partition of the property. The result was that the property was sold under the order of this court, free of the charge, and $6000 of the proceeds of the sale invested on bond and mortgage to the chancellor, to provide for the support &c. of the beneficiary under the charge. The rest of the net proceeds was divided among the devisees in fee, each of whom, including

2

Catharine Hedden, received his or her share thereof. John J. Jacobus died March 1st, 1881. On the 5th of April following, Benjamin Roome, the surviving executor of Hassel C. Jacobus, filed his petition in this suit, stating the death of John J. Jacobus, and that the mortgagor was ready to pay off the mortgage. On the same day an order was made directing him to receive the money, and account, before a master named in the order, for his disbursements for the support &c. of John J. Jacobus. The master reported and another order was made on the 25th of the same month of April, directing Mr. Roome to distribute the amount remaining in his hands, after deducting his taxed costs, among the persons entitled thereto, one of whom was Catharine Hedden. When he filed his petition, Mr. Roome, as appears by his deposition, supposed her to be alive, but a few days afterwards learned, on inquiring of her sister, that she was dead. The fact of her death, however, does not seem to have been noticed in the proceedings, and the order of distribution directs payment of her share to her. He requested her sister to communicate with Mrs. Hedden's family, and she did so. In September one of Mrs. Hedden's children came to him and asked for his share of the money. Mr. Roome expressed his willingness to pay to the proper person, and stated that he thought he could not safely pay any one except an administrator of Mrs. Hedden's estate. He deposited the money in the Mechanics National Bank at Newark very soon after it came to his hands. The deposit was in the name of " Benjamin Roome, estate of Hassel C. Jacobus." The bank failed October 29th, 1881. After the failure, Bowman S. Cox, the husband of the daughter of Mrs. Hedden, who had

NOTE.—A trustee who deposits money of the trust in his name as trustee, in a bank then in good credit, is not liable for the loss of the funds by the subsequent failure of the bank, *3 Wms. on Exrs.* [*1818*] ; *France* v. *Woods, Tamlyn 172 ; Johnson* v. *Newton, 11 Hare 160 ; Fitzsimons* v. *Fitzsimons, 1 Rich. (N. S.) 400 ; Whitney* v. *Peddicord, 63 Ill. 252 ; Post's Estate, Myrick 230 ;* see *Shipley* v. *Wood, 4 Md. 493 ; Livermore* v. *Wortman, 25 Hun 341 ; Springer* v. *Oliver, 21 Ga. 517.* Otherwise, if deposited in his own name, or where no necessity for such deposit existed, *3 Wms. on Exrs.* [*1818*] ; *Stafford's Case, 11 Barb. 353 ; Jenkins* v. *Walter, 8 Gill & J. 218 ; Com.* v. *McAlister, 28 Pa. St. 480, 30 Pa. St. 536 ; Darke* v. *Martin, 1 Beav. 525 ; Ditmar* v. *Bogle, 53 Ala. 169 ; Mason* v. *Whitthorne, 2 Coldw. 242 ; Crane* v. *Moses, 13*

Jacobus v. Jacobus.

taken out letters of administration on Mrs. Hedden's estate (but did not do so until after the bank failed), applied to Mr. Roome for the money. The latter was willing to turn over to him the dividends payable by the receiver of the bank on the deposit, but the administrator declined to receive them, and demanded the payment of the full amount of the share. Mr. Roome then paid the dividends into court. The present application is by the heirs-at law and administrator, respectively, each asking for an order requiring him to pay the full amount of the share to them or him.

The heirs-at-law insist that they are entitled to the money and that Mr. Roome is bound to answer to them for the full amount, because, as they insist, he was not justified in withholding payment from them, on the ground that the share was personal property and consequently payable only to the personal representative of Mrs. Hedden, and that having unjustifiably withheld it until after the bank failed, he must bear the loss. They insist that the share was, at the death of John J. Jacobus, real estate in equity. If it was personal they have, of course, no claim to it. Mrs. Hedden, as before stated, received her share of the proceeds of the sale in partition, except the $6000 invested on bond and mortgage. When the proceedings in partition took place she was a widow and never remarried. She died in 1879. There is no ground for holding that her share of the $6000 investment continued to be real estate up to the time of her death. The equitable rule on the subject applicable to cases where the person entitled to a share of real property sold in partition is a minor or of unsound mind, does not apply to a person who is *sui juris*.

S. C. 561; Twitty v. Houser, 7 Rich. (N. S.) 153; Williams v. Williams, 55 Wis. 300; or, in case of subsequent neglect of the trustee, Challen v. Shippam, 4 Hare 555; Wood v. Myrick, 17 Minn. 408; Willeford v. Watson, 12 Heisk. 476; Baskin v. Baskin, 4 Lans. 90; see Goodwin v. American Bank, 48 Conn. 550. Trustees are not responsible for the loss of the trust fund by robbery, Morley v. Morley, 2 Ch. Cas. 2; Jones v. Lewis, 2 Ves. Sr. 240; Seawell v. Greenway, 22 Tex. 691; Stevens v. Gage, 55 N. H. 175; Newsom v. Thornton, 66 Ala. 311; Furman v. Coe, 1 Cai. Cas. 96; State v. Meagher, 44 Mo. 356; Fudge v. Durn, 51 Mo. 264; McKnight v. McKnight, 10 Rich. Eq. 157; Carpenter v. Carpenter, 12 R. I. 544; McCabe v. Fowler, 84 N. Y. 314; see Bartlett v. Hamilton, 46 Me. 435; United States v. Thomas, 15 Wall. 337;

Jacobus v. Jacobus.

The reason for its application in the one case is not found in the other. There is no statutory provision on the subject. Mrs. Hedden, at any time during her life after the investment, might have disposed of her interest, which was a vested one, in the money invested. When she died, her interest in that money was personal property, and the fact that the money which constituted the fund was derived from the sale of her real estate would not change its character. Her heirs-at-law, therefore, had no claim to it. When the administrator applied for it, the loss by the failure of the bank had occurred. Under the circumstances, Mr. Roome was justified in depositing the money in the bank to await the demand of a duly qualified recipient. The delay in taking out letters and making the demand was in nowise attributable to him. The bank, when he made the deposit, and up to the day of its failure, was in the very best credit, and its failure was a most remarkable and memorable surprise to the entire business community. He deposited the money, not in his own name, but as trust funds. Though he did not make deposit in his name as executor, he made it in such manner as to indicate the character of the fund—that it was not his own, but held by him in trust. His conduct does not appear to have been either obstructive or dilatory. The administrator is entitled to receive the money in court after paying Mr. Roome his costs of this application out of the fund ; and he is entitled also to an assignment from Mr. Roome of all claim against the bank or its assets on account of the deposit.

*McEachron* v. *New Providence, 6 Vr. 528 ; Muzzy* v. *Shattuck, 1 Den. 233 ; Hennepin* v. *Jones, 18 Minn. 199 ;* or by death, *Mikell* v. *Mikell, 5 Rich. Eq. 220 ; Secondo Bosio's Case, 2 Ashm. 437 ; Smith* v. *Rosser, 37 Ga. 353 ;* see *Webbs* v. *Bellinger, 2 Desauss. 482 ;* or by fire, *Bailey* v. *Gould, 4 Y. & C. 221 ; Dortch* v. *Dortch, 71 N. C. 224 ;* see *Rubottom* v. *Morrow, 24 Ind. 202 ; Culbertson* v. *Cox, 29 Minn. 309 ; Wiggin* v. *Swett, 6 Metc. 194 ; Eagle* v. *Emmett, 4 Bradf. 117 ; Fry* v. *Fry, 27 Beav. 146 ; Aldridge* v. *McClelland, 9 Stew. Eq. 288 ; Tuttle* v. *Robinson, 33 N. H. 104 ; Colburn* v. *Lansing, 46 Barb. 37 ; Herkimer* v. *Rice, 27 N. Y. 163 ; Lawson* v. *Crookshank, 2 Ch. Cham. (Can.) 426 ;* or by loss at sea, *Johnson's Case, 11 Phila. 83 ;* or act of the law, *McIntosh* v. *Hambleton, 35 Ga. 94 ; Williams* v. *Campbell, 46 Miss. 57.*—REP.