## No. 2138.—John T. Norris v. Andrew Hero, Jr., et. al.

An agent who, when it becomes his duty to deposit, in bank, the money of his principal, fails to make the deposit in the name of his principal, becomes personally liable for the amount. In such a case the agent will not be permitted to urge the failure of the bank after the deposit was made, and throw the loss on the principal. C. C. 3002, 3003.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. Semmes & Mott,* for plaintiff and appellant. *Hornor & Benedict,* for defendant and appellee.

Taliaferro, J. The object of this suit is to make the defendant liable for certain moneys received by him on account of plaintiff and deposited to his own credit in the First National Bank of New Orleans, by the failure and insolvency of which the money was lost.

The defense is, that as notary public, the defendant was called upon to draw up several acts of sale of property sold to effect a partition between the plaintiff and others, and was authorized to receive the portion of the price paid in cash and to hold the same until divided by the owners; that, acting in good faith, the defendant, in the interests, as he supposed, of those he represented, had received the money and deposited it in the bank which was then solvent and in good credit; that the usage and custom of notaries in New Orleans, in like cases, is to deposit money so received in their own names for the purpose of facilitating business transactions; the money being subject to their own checks may at any time be drawn and paid over, obviating the delays and inconvenience often arising from the deposits being made in the names of the owners; that, acting in perfect good faith, and in conformity with established usage, he is not bound to make good the loss complained of.

The defendant had judgment in his favor, and the plaintiff has appealed.

The facts seem to be that a part of the money was received on the fourth and a part on the ninth of May, 1867, and deposited on the days received in the bank, with other money belonging to the defendant, and that the bank failed on the thirteenth of the same month. It appears further that the money was deposited in the name of the defendant, as his own money, in different sums than those received from the purchasers of the property and was mixed and confused with his own funds. The evidence shows that Harrison, an attorney at law, and the agent of the plaintiff to receive his portion of the cash payment, called upon the defendant the day after the conveyances were signed to inquire whether the money had been paid, and being answered in the negative, requested the defendant to inform him whenever the payment was made. This the defendant promised to do. There is a sharp clashing of evidence as to the time information of the receipt of the money was given by the defendant to the plaintiff's agent; one portion of it is direct that this notice was not given until several days after the suspension of the bank, the other equally direct that it was given on the ninth of May, four days before the bank failed. *Non nostrum est tantas componere lites.*

Nor do we consider it of great importance in the decision of the case that a preponderance of testimony should be ascertained in regard to the point. It is clear however that the defendant recognized the plaintiff's agent as having the right to receive the money that should fall to his share, and it must have been apparent to the defendant that the agent expected to receive it directly from him and not by checks upon a bank. We do not find that there were any definite or special instructions given to the defendant requiring him to withhold the share of any one of the vendors until all were present or represented in a formal partition.

But apart from these considerations we think that the custom shown in this case and urged in defense, and which would be "more honored in the breach than in the observance" can not protect the defendant from the liabilities that await an agent, who, when it becomes his duty to deposit in bank the money of his principal, fails to make the deposit in his principal's name. Story on Agency, section 208; Story's Equity Jurisprudence, section 1270; Civil Code, articles 3002, 3003.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the plaintiff have judgment against the defendant, Andrew Hero, Jr., for the sum of fifteen hundred and twelve dollars and sixty-six and two-third cents, with legal interest from the fifteenth of May, 1867, and all costs of suit.

---

The court, *ex officio*, in order to correct a clerical error in stating the amount of the judgment herein rendered, orders that a change be

made in the same so as to decree in favor of the plaintiff that he recover from the defendant the sum of fourteen hundred and ninety-six dollars, with legal interest from the fifteenth of May, 1867, and all costs of suit.

Rehearing refused.