## Metropolitan Life Insurance Co. v. Joseph P. Bergen.

1. NEGLIGENCE—*Of an Attorney—Chargeable to his Client.*—A defendant employed a firm of attorneys to defend a suit for him. The partner with whom the arrangement was made left town temporarily, and inadvertently neglected to notify his copartner of the employment of the firm. During his absence a judgment was taken by default. Upon an application to set aside the default it was held that the general rule that the negligence of the attorney is the negligence of the client was applicable, and the court below was warranted in enforcing it unless it clearly appears that the default and judgment will work gross injustice.

2. PRACTICE—*Defaults—Defective Declaration.*—Where a default has been taken and the declaration is found to be defective and such defect is made a ground for setting aside the default, the court will set it

aside and give the plaintiff leave to amend; but where the defect consists in the omission to state a conceded fact and the defendant has had an opportunity to obtain a ruling as to its sufficiency in the court below and failed to do so, the Appellate Court will not consider the objection.

**Assumpsit,** on a policy of insurance. Appeal from the Circuit Court of Christian County; the Hon. Jacob Fouke, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

Conkling & Grout, attorneys for appellant.

J. C. McQuigg, attorney for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

The action below was assumpsit upon a policy issued by the appellant company insuring the life of Bridget Bergen for the benefit of her husband, the appellee.

The policy was issued September 17, 1894, and the assured died October 24th in the same year.

The action was commenced February 9, 1895, and judgment in the sum of $333.33 was rendered against the company by default August 7, 1895.

Two days thereafter the appellant company entered its motion, supported by the affidavit of Mr. Grout, one of its attorneys, asking the court to set aside the default and open the judgment for defense.

The court held it did not appear from the affidavit the company was free from negligence in the matter of presenting a defense and avoiding a default, or that it had any defense to the merits of the action, and overruled the motion.

The company appealed and assigned as for error the ruling of the court upon the motion and also that the declaration is insufficient to support the judgment.

It appeared from the affidavit the company, by arrangement with one only of the members of a firm of attorneys in Sangamon county, employed the firm to defend the suit and that the partner with whom such arrangements was made neglected to notify his copartner of the employ-

ment of the firm, and being unwell, went to Michigan for the benefit of his health some weeks before the default was entered and was at a health resort at the time the default was allowed and the judgment rendered. The general rule that the negligence of the attorney is the negligence of the client is here applicable, and the Circuit Court was fully warranted in enforcing it unless it clearly appeared the default and judgment worked gross injustice to the company. That wrong and injustice would result was attempted to be shown by the affidavit. The allegations of the affidavit in this respect are as follows:

" Affiant says he is informed and believes the defendant has a good defense to all of said claim except $166.67, and that Bridget Bergen died of a pulmonary disease, to wit, pneumonia, within one year from the issue of the policy, and by its terms only this amount is due. Affiant says the proof failed as to the death of the deceased to show the above cause of death."

The policy sued upon contains a clause as follows : " If the assured die of any pulmonary disease within one year from the date hereof, only one half the amount which would be otherwise due, will be payable."

The declaration averred the deceased did not die of any pulmonary disease.

The affiant did not assume to have personal knowledge of the cause of death, nor were the proofs of death referred to in the affidavit attached thereto, or otherwise presented to the court; but the court was asked to accept as against the allegation of the declaration, affiant's version of a statement made in the proofs of death. These proofs were in writing and in the possession of the defendant, and the court properly declined to consider verbal testimony as to their contents.

Moreover, we are by no means prepared to concede pneumonia should be considered to be a pulmonary disease within the meaning of those words as employed in the policy.

In common acceptation, a pulmonary disease is one which arises from an inherent or organic defect or affection of the

lungs, and it is our opinion this provision of the policy was not intended to include, and should not be construed to include pneumonia, which is but a temporary inflammation of those organs.

The objection, the declaration is not sufficient to support the judgment, can not avail to warrant reversal.

The complaint as to the declaration is, it is alleged, it contains no allegations that proofs of death were made and filed with the company in accordance with a condition of the policy set forth in the declaration.

If the declaration was, in this respect, defective, the attention of the court should have been directed to the matter in the motion to set aside the default and open the judgment.

It was proper for consideration in that connection, and had it been brought to the notice of the court, and the declaration been found defective, the court would have set aside the default and given plaintiff leave to amend the declaration.

It appeared from the affidavit presented in support of the motion to set aside the default, proof of loss had, in fact, been furnished to the company. Therefore it is manifest the defect in the declaration, if any defect there was, consisted only in the omission to state a conceded fact, and as the appellant had opportunity to obtain in the Circuit Court a ruling as to the sufficiency of the declaration, and failed to avail itself of the opportunity, we must decline to consider the objection to the declaration as sufficient to warrant a reversal of judgment. Judgment affirmed.