**Helen Motusas, Appellee, v. Acme Burial Association, Appellant.**

**Gen. No. 42,109.**

Opinion filed May 5, 1943.

McKINLEY, PRICE & QUINDRY, of Chicago, for appellant; WILLIAM McKINLEY and PAUL E. PRICE, both of Chicago, of counsel.

HERMAN L. BOGOLUB, of Chicago, for appellee; CLARENCE M. SHAPIRO, of Chicago, of counsel.

Mr. Justice Kiley delivered the opinion of the court.

This is an action on a certificate of insurance, with trial by the court without a jury and judgment for plaintiff in the amount of $500, the full amount of the certificate.

Defendant, an Illinois burial insurance society, issued the certificate September 6, 1939, on the life of Victor Motusas, with plaintiff beneficiary. Insured died February 23, 1940 of lobar pneumonia. The certificate by its terms is incontestable after two years and provides that the certificate and application therefor constitute the contract with the member. On the face of the certificate, below a large gold colored seal covering a snip of red ribbon, is a capitalized statement "Modified Liability During Contestable Period." The same statement appears on the back of the certificate. In the application the insured agreed that in event of his death resulting directly or indirectly from, among other causes, a disease of the lungs, the liability of the defendant, at its option, should be limited to a return of the assessments paid. At the trial defendant tendered plaintiff $7, the paid assessments.

A question of law is presented on the undisputed facts whether lobar pneumonia is a disease of the lungs. If so, defendant's liability is limited to the assessments paid and the judgment must be reversed.

Defendant first contends that plaintiff, by failing to reply to defendant's answer, admitted the facts constituting the affirmative defense. Since defendant presented evidence of that defense at the trial, it waived the filing of the replication. *Ford Motor Co. v. National Bond & Investment Co.*, 294 Ill. App. 585; *Cairo Lumber Co. v. Ladenberger*, 313 Ill. App. 1.

The only testimony as to the character of lobar pneumonia is defendant's medical expert whose qualifications were admitted by plaintiff. His uncontradicted testimony is that lobar pneumonia is a disease of the

lungs. The insured Motusas was sick about six days and treated by the doctor about two days before his death. It does not appear that the medical expert was asked his opinion of the exact case of the insured.

The court found that the policy was unfair to the public. So far as the record shows, the form of the certificate is approved in Illinois.

Plaintiff, while not producing any testimony at the trial. nor cross-examining defendant's medical expert, relies here upon dicta in *Metropolitan Life Ins. Co. v. Bergen,* 64 Ill. App. 685, as authority for deciding that pneumonia is a temporary inflammation of, not a disease of, the lungs. Pneumonia is defined by Webster as a medical term, as: A disease characterized by inflammation of the lungs with exudation into the lung tissue and resulting solidification of the tissue . . . ; and lobar pneumonia, "an acute febrile form involving all the greater part of a lobe of the lung or several lobes . . . ." The term disease is defined "pathologically" as, "an alteration of the state of the human body . . . or some of its organs or parts interrupting or disturbing the performance of the vital functions, or a particular instance or case of this."

In view of the medical testimony and the definitions, we cannot follow the dicta in the *Metropolitan* case, and have no alternative but to reverse the judgment and remand the cause with directions to the trial court to enter a judgment for plaintiff in the amount of $7.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.