119  593
133  616

No. 13,928.

## CORYA *v.* CORYA.

ADMINISTRATOR.—*Deposit of Trust Funds in Individual Name.*—*Liability for Loss.*—Where an administrator deposits trust funds in a bank in his individual name and takes a certificate of deposit payable to his own order, any loss which occurs by reason of the failure of the bank is his loss, and he is bound to account to the persons entitled for the full amount deposited.

WILL.—*Special Bequest.*—*Cost of Administration.*—Where a testator bequeaths the proceeds of a promissory note to certain named legatees, and follows this with a general bequest of all his other property to another person, no part of the specific bequest is liable for the costs of administration, if the property disposed of generally is sufficient for that purpose.

From the Jennings Circuit Court.

*G. F. Lawrence,* for appellant.

*W. New,* for appellee.

OLDS J.—Elizabeth R. Woodfill died testate on the 26th day of September, 1884, disposing of her entire estate

by items one and two of her will, which items are as follows:

"Item 1. I will and bequeath to my granddaughters, Alice Woodfill and Lizzie Woodfill, when they become of lawful age, to have the proceeds of a note that I now hold against Trevarion Tobias and Francis W. Tobias, for four hundred dollars, dated November 1, 1883, due in twenty-four months from date, with six per cent. interest until paid, and that some responsible person take possession of said note and collect the same when due, and deposit the money in the Jennings County Bank, at North Vernon, Indiana, to be given to said Alice Woodfill, one-half of said note when she is eighteen years old, and one-half to Lizzie Woodfill when she is eighteen years old.

"Item 2d. I give and bequeath to my daughter, Delia Corya, all of my property, moneys and effects, of whatever kind, to have and to hold forever, except as provided in Item 1."

Said will was admitted to probate, and Enoch G. Corya was appointed administrator, with the will annexed, on the 29th day of December, 1884. The uncontroverted facts show that at the time of the appointment of Enoch G. Corya as administrator the appellant, Susie Corya, was the duly appointed and acting guardian of Alice and Lizzie Woodfill; that prior to the death of the testatrix she had received $250 on the note bequeathed to said Alice and Lizzie, and placed it and the note with the will; within a few days after the death of the testatrix, one Benjamin F. Byfield, one of the subscribing witnesses to the will, took the will and the $250 paid upon the note and deposited the money and the will with the clerk of the Jennings Circuit Court. Afterwards, on the 3d day of November, 1884, Enoch G. Corya collected the balance due upon the note, $165.25, and deposited the same with the clerk of said court. After Enoch G. Corya had been appointed administrator he received the money from the clerk, $415.25, and deposited the same in the Jen-

nings County Bank, at North Vernon, Indiana, on the 31st
day of December, 1884, in his own name, taking a certificate
of deposit therefor, payable to his own order. The Jennings
County Bank was a private bank, owned and conducted by
one Charles E. Cook.　On the 14th day of September, 1885,
Cook, the banker, failed, and made an assignment.　After-
wards Cook compromised with his creditors, including Enoch
G. Corya, for fifty cents on the dollar, and paid to said Enoch
G. Corya, in full of said certificate, $207.63.　The testatrix
died the owner of a farm worth $3,000, or more, and a small
amount of personal property, and was owing no debts. The
administrator made no inventory of the estate.　The admin-
istrator filed his report showing the receipt of the money by
him from the clerk, the depositing of it in the bank, the
failure of the bank, the compromise and receipt of $207.63
in full of his certificate, and the payment of one half of the
cost of administration, amounting to $29.42, out of said
$207.63, and paid the balance into court for Susie Corya,
guardian of Alice and Lizzie Woodfill, and asked to have
his report approved and that he be discharged.

Susie Corya, guardian, appeared and filed proper excep-
tions to the report, setting forth the facts as hereinbefore set
out, and objected to the approval and confirmation of said
report.　There was a hearing by the court, and the excep-
tions were overruled and the report approved.　A motion for
a new trial, by appellant, properly presenting the questions,
was filed, and overruled, and exceptions.　This appeal is
prosecuted, and errors properly assigned in this court.

The questions presented are as to the liability of the ad-
ministrator for the full amount of the money received be-
longing to Alice and Lizzie Woodfill, and as to whether such
funds are liable for the payment of any portion of the costs
of administration.

It is not contended by the appellee but that the legatees
Alice and Lizzie Woodfill were entitled to all of the pro-

ceeds of the note, including the amount paid before the death of the testatrix.

In the case of *Naltner* v. *Dolan*, 108 Ind. 500, it is held, that whenever a trustee puts funds in such shape as to invest himself with the legal title to them, or if deposited in a bank in such manner as, on the face of the books of the bank in which the deposit is made, to authorize the trustee, his assigns or legal representatives, to claim it as the fund of the depositor, the *cestui que trust* has a right to treat the same as the funds of the trustee, and recover the same of the trustee, and in such case if loss occurs it is the loss of the depositor. *Fletcher* v. *Sharpe*, 108 Ind. 276.

These authorities are decisive of the question in this case. Enoch G. Corya, administrator, deposited the money to his own credit, payable to his own order. There was a liability created on the part of the bank in favor of Corya. The loss sustained was the loss of Corya, the depositor, and he is liable as administrator to account for the full amount of the money he received belonging to said legatees.

Next it is proper to consider the question whether the bequest to Alice and Lizzie Woodfill was subject to be used by the administrator for the payment of costs of administration. We think it was not. The testatrix made a specific bequest of the proceeds of the note to these two legatees, and followed such bequest with a devise of all the remainder of her estate to her daughter, Delia Corya. The bequest to her daughter Delia is general, and she treats her personal and real estate as forming one whole, without distinguishing between them. Woerner on the American Law of Administration, vol. 2, at page 986, says : " It is also presumed that, by singling out a specific article by way of a specific bequest, the testator intends that the legatee shall take in preference to those legatees whose bequests are not specifically pointed out ; hence the rule is, that specific legacies do not abate, except in favor of such legacies as were given for a valuable consideration, or among themselves."

Williams on Executors, pages 1473 and 1474, states the rule to be as follows: "That as long as any of the assets, not specifically bequeathed, remain, such as are specifically bequeathed are not to be applied in payment of debts; although to the complete disappointment of the general legacies."

We think the costs of administration should have been paid out of the estate not specifically bequeathed to said Alice and Lizzie Woodfill, and which was disposed of and given to Delia Corya by the residuary clause in the will. See 2 Woerner Am. Law of Adm., p. 989.

The court erred in overruling the exceptions of the appellant to the report, and in overruling appellant's motion for a new trial.

Judgment reversed, at costs of appellee, with instructions to the court below to proceed in accordance with this opinion.

BERKSHIRE, J., took no part in the decision of this case.

Filed June 27, 1889; petition for a rehearing overruled Sept. 25, 1889.