[No. 19116.   Department One. — January 14, 1893.]

### In the Matter of the Estate of LUIS ANTONIO ARGUELLO, Deceased.

Estates of Deceased Persons — Deposit of Funds by Administrator in his Own Name — Liability for Loss — Good Faith. — An administrator who deposits funds of the estate in a bank in his own name, without any designation or indication of his representative capacity, is personally liable for the loss of the deposit, resulting from a failure of the bank, although he had no other funds or account with the bank, and made the deposit therein for the express purpose of keeping it separate from his individual funds, and the bank was of good credit and standing, and was believed by him to be solvent and safe. In such case the good faith or intention of the administrator in making the deposit in his own name is in no way involved.

Id. — Construction of Code — Willful and Unnecessary Mingling of Trust Property. — The liability of the administrator in such a case is not limited nor changed by section 2236 of the Civil Code, which provides that "a trustee who willfully and unnecessarily mingles the trust property with his own, so as to constitute himself in appearance its absolute owner, is liable for its safety in all events"; but that section is in accord with the general rule, and in effect declares it.

Appeal from an order of the Superior Court of San Diego County requiring an administrator to pay to creditors of the estate certain sums of money.

The facts are stated in the opinion.

*Hunsaker, Britt & Goodrich,* for Appellant.

An administrator is only required to act in good faith, and exercise such skill, prudence, and diligence as men ordinarily bestow upon their own affairs. (*Estate of*

*Taylor*, 52 Cal. 477; 7 Am. & Eng. Ency. of Law, 346–347.) Where it is established that the administrator has acted in good faith, he will not be charged with loss, except upon proof of his neglect of duty. (*Calhoun's Estate*, 6 Watts, 185; *Noble* v. *Jones*, 35 Tex. 692; *Stong* v. *Wilkson*, 14 Mo. 116; *Adm'rs of Voorhees* v. *Stoothoff*, 11 N. J. L. 145; *People ex rel. Nash* v. *Faulkner*, 107 N. Y. 477; *Carpenter* v. *Carpenter*, 12 R. I. 544; 34 Am. Rep. 716.) Whatever the rule is elsewhere, in this state the administrator is only liable for a loss of funds belonging to the estate, deposited by him in bank in good faith, caused by the insolvency of the bank, when he has willfully mingled the trust property with his own so as to constitute himself in appearance its owner. (Civ. Code, sec. 2236.)

*Hendrick & Younkin*, for Respondent.

An administrator who deposits money belonging to the estate in a bank in his individual name, and not in his representative capacity, is liable for any loss that may afterwards occur by reason of the insolvency of the bank. (Civ. Code, sec. 2236, and note; *Naltner* v. *Dolan*, 108 Ind. 500; 58 Am. Rep. 61; *Williams* v. *Williams*, 55 Wis. 300; 42 Am. Rep. 708; *School Dist.* v. *First Nat. Bank*, 102 Mass. 174; *Commonwealth* v. *McAlister*, 28 Pa. St. 480; *In re Petition of Stafford*, 11 Barb. 353; *Wren* v. *Kister*, 11 Ves. Jr. 377; *Summers* v. *Reynolds*, 95 N. C. 404; 3 Wait's Actions and Defenses, 245.) In case it becomes the duty of an agent or trustee to deposit money belonging to his principal in a bank, he can escape the risk only by making the deposit in his principal's name, or by distinguishing it on the books of the bank, so as to indicate in some way that it is his principal's money. If he deposits in his own name, he will not, in case of loss, be permitted to throw the loss on his principal. (Mecham on Agency, 529; Story on Agency, pars. 200, 208, 218; Beach on Receivers, secs. 310, 311; 1 Perry on Trusts, sec. 463; *Mason* v. *Whitthorne*, 2 Cold.

242; Murfree on Official Bonds, 453; *Corya* v. *Corya*, 119 Ind. 593; *Naltner* v. *Dolan*, 108 Ind. 500; 58 Am. Rep. 61; *Fletcher* v. *Sharpe*, 108 Ind. 276; *State* v. *Greensdale*, 106 Ind. 364; 55 Am. Rep. 753.) The fact that none but money belonging to the principal was deposited in the account in which the fund in question was placed does not alter the case. The controlling consideration is, that it was deposited to the credit of the agent without anything to designate or preserve its trust character. (*Nalter* v. *Dolan*, 108 Ind. 500; 58 Am. Rep. 61; *Merket* v. *Smith*, 33 Kan. 66; *McAlister* v. *Commonwealth*, 30 Pa. St. 536; *Morris* v. *Wallace*, 3 Pa. St. 319; 45 Am. Dec. 642; *Jackson* v. *Bank etc.*, 10 Pa. St. 61; *Utica Ins. Co.* v. *Lynch*, 11 Paige, 520; *Bartlett* v. *Hamilton*, 46 Me. 435; *State* v. *Greensdale*, 106 Ind. 364; *Gilbert* v. *Welsch*, 75 Ind. 557.) Where an administrator places money of the estate in bank, so as to draw interest, it is a loan, and not a deposit, and the administrator is chargeable with the same, if the bank fails. (*Baer's Appeal*, 4 Law. Rep. Ann. (Pa.) 609; *Estate of Jean Lacoste*, Myrick's Prob. 67.)

BELCHER, C. — This is an appeal by the administrator of the estate of the decedent from an order of the superior court of San Diego County requiring him to pay to the creditors of the estate whose claims had been duly presented and allowed certain sums of money.

The sum of money in controversy was $4,846.80, which was received by the administrator for and on account of the estate, between July 5, 1891, and October 15, 1891, and deposited by him in the California Savings Bank, in the city of San Diego, in his own name.

The court below found the facts to be as follows: —

" That at the time said funds were deposited by said administrator in said California Savings Bank, said bank was reputed to be and was considered a safe and solvent bank and place of deposit, and was of good credit and standing, and was believed by said administrator to be solvent and safe; that said deposit was made in the

individual name " of the administrator, " without any designation or indication of his representative capacity, but said administrator had no other funds or account with said bank, and deposited such with that particular bank for the express purpose of keeping the same separate from, and so that it would not be unnecessarily mingled with, his own property or individual funds."

" That in depositing said funds in said California Savings Bank as aforesaid, said administrator acted in good faith."

" That on the twelfth day of November, 1891, said California Savings Bank became suddenly, unexpectedly, and wholly insolvent, suspended business, and has not been able to pay the amount so deposited by said administrator with it, or any part thereof."

" That said administrator has been guilty of no negligence or want of care in the administration of said estate, except that he deposited such funds in the California Savings Bank in his individual name, instead of in his representative capacity, or in the name of the estate."

And as conclusions of law the court found that the administrator was responsible for the money so deposited by him, and that he must pay it over to the creditors of the estate.

The appellant contends that an administrator is only required to act in good faith, and to exercise such skill, prudence, and diligence in managing the affairs of the estate as men ordinarily bestow upon their own affairs, and that when he has, in good faith and with reasonable care, deposited funds of the estate in bank, which have been subsequently lost by the failure of the bank, he will not be held liable for the loss, unless he has willfully and unnecessarily mingled the trust property with his own, so as to constitute himself in appearance its absolute owner; and hence that, under the facts found in this case, the order of the court was erroneous, and should be reversed.

The question presented has many times been before

the courts of England and of this country, and the decisions upon it have been practically unanimous, and to the same effect as the decision of the court below in this case.

The law upon the subject is stated in Perry on Trusts, sec. 443: "A trustee may deposit money temporarily in some responsible bank or banking-house; and if he acted in good faith and with discretion, and deposited the money to a trust account, he will not be liable for its loss, . . . . but he will be liable for the money in case of a failure of the bank, or for its depreciation, if he deposits it to his *own credit*, and not to the separate account of the trust estate." And again, in section 463: "So if the trustee pays the money into a bank in his own name, and not in the name of the trust, he will be responsible for the money in case of the failure of the bank."

A reference to a few of the numerous cases cited will be sufficient. In *Commonwealth* v. *McAlister*, 28 Pa. St. 480, an administrator had deposited in his own name funds of the estate in a savings bank, and they had been partly lost by a failure of the bank. The court, after stating the facts and reviewing the authorities, said: "But it is sufficient for the present case to say that where an administrator or trustee, with trust funds in his hands, deposits them in his own name in a bank or other institution which fails, the loss shall fall upon him. And his liability will not depend upon the good faith, prudence, or judgment with which apparently he may have acted, nor upon the fact that he may have disposed of his own funds in the same way."

In *Williams* v. *Williams*, 55 Wis. 300, 42 Am. Rep. 708, the plaintiff had in his possession, as administrator, a sum of money, and for safe-keeping and greater security and convenience deposited the same in a bank, taking a certificate of deposit in his own name for the amount. The bank was at the time in good credit and repute as safe, solvent, and in all respects trustworthy; and in making the deposit the administrator informed

the teller, who received the money and gave the certifi-
cate, that the moneys were trust funds, and did not be-
long to him individually, but did not inform him to
whom the money did in fact belong, nor give any direc-
tions as to the deposit being made or the certificate
issued in any other than his individual name. Subse-
quently the bank failed, and the certificate became worth-
less and the amount wholly lost, except a small dividend
was made from the assets in the hands of a receiver. It
was held, after a quite lengthy review of the authorities,
that the administrator must bear the loss. The court
said: "To hold the administrator answerable in this
case is undoubtedly a great hardship; but to exonerate
him from liability is to encourage the mismanagement
of trust funds, and to open the doors to frauds innumer-
able against those whose age and weakness entitle them
to the most rigid protection of the law. The rule, there-
fore, should not be slackened, even if the question were
a new one, much less in view of the authorities cited."

In *Naltner* v. *Dolan*, 108 Ind. 500, 58 Am. Rep. 61, at-
torneys had collected money for a client and deposited
it in a bank, which was then in good standing, in their
own name, but not mingled with their own money. The
bank afterwards failed, and the money was mostly lost.
It was held that the attorneys must bear the loss. The
court said: "In case it becomes the duty of an agent or
trustee to deposit money belonging to his principal, he
can escape the risk only by making the deposit in his
principal's name, or by so distinguishing it on the books
of the bank as to indicate in some way that it is the
principal's money. If he deposit in his own name, he
will not, in case of loss, be permitted to throw such loss
on his principal [citing cases]. In such case the good
faith or intention of the trustee is in no way involved.
Having, for his personal convenience, or from whatever
motive, deposited the money in his own name, thereby
vesting himself with a legal title, it follows, as a neces-
sary consequence, when a loss occurs, he will not be
permitted to say, as against his *cestui que trust*, that the

fact is not as he voluntarily made it appear. . . . . Whatever diversity of opinion may be found in respect to the rights of the bank or other creditors of the depositor, the authorities agree that a trustee who either invests or deposits trust money in his own name, without in some way designating it as trust property, will be responsible for any loss that may occur to the fund while so invested or deposited."

But whatever may be the rule elsewhere, appellant insists that the rule in this state is declared in section 2236 of the Civil Code, and that that does not make him liable. The section referred to reads as follows: —

" Sec. 2236. A trustee who willfully and unnecessarily mingles the trust property with his own, so as to constitute himself in appearance its absolute owner, is liable for its safety in all events."

We do not think this section was intended to change the rule generally prevailing, or to limit liability under it; on the contrary, the section seems to be in entire accord with the general rule, and in effect to declare it in unmistakable terms.

In our opinion, the order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

PATERSON, J., GAROUTTE, J., HARRISON, J.