(117 So. 402)
## SOUTHERN LIFE & HEALTH INS. CO. v. DRAKE. (6 Div. 116.)

Supreme Court of Alabama. May 24, 1928.

1. Insurance ☞515—Under policy providing for only partial liability if insured died from pulmonary disease or chronic bronchitis, beneficiary was entitled to full recovery where insured died from broncho-pneumonia; "pneumonia."

In action on life insurance policy which provided for only partial liability in event that insured died from pulmonary disease or chronic bronchitis, but did not mention "pneumonia," which is acute inflammation of lungs, nor broncho-pneumonia, *held*, that beneficiary was entitled to full recovery where insured's death was caused from broncho-pneumonia.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Pneumonia.]

2. Insurance ☞146(3)—Insured is favored in construction of life policy which is reasonably susceptible of two constructions.

Insured is favored in life policy, when policy is reasonably susceptible of two constructions consistent with general purpose of obligation.

Certiorari to Court of Appeals.

Frankie Lee Drake, a minor, suing by next friend, had judgment against the Southern Life & Health Insurance Company in an action on a policy of life insurance. Defendant appealed to the Court of Appeals, and, the judgment being there reversed (117 So. 401), the plaintiff (appellee) applies for certiorari to the Court of Appeals to review its said judgment. Writ granted.

Arthur L. Brown and W. M. Davison, both of Birmingham, for appellant.

The ailment from which the insured died was not a disease which, within the meaning of the policy, limited the liability of the company. Pulmonary disease does not include pneumonia. 3 Words and Phrases, 2101; Berryman's Dig. on Ins. 1464; Metropolitan Life Ins. Co. v. Bergen, 64 Ill. App. 685. Policies of insurance are interpreted in favor of the insured. Standard Acc. Ins. Co. v. Hoehn,

215 Ala. 109, 110 So. 7; Mosaic Templars v. Raife, 21 Ala. App. 329, 110 So. 66.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

Brief did not reach the Reporter.

SAYRE, J. [1] Looking to the general policy indicated by the contract of insurance— the purpose of which, as we think, was to avoid full liability in cases of death caused by diseases incipient at the time of the contract—our judgment is that only the diseases specifically named in the contract should have that effect. Pulmonary disease and chronic bronchitis are named, but not pneumonia, which is an acute inflammation of the lungs, nor broncho-pneumonia, an affection of the same rapidly progressive character. True, no doubt, that all these ailments are commonly referred to as diseases, but that fact, in view of what we consider to be the purpose and policy of the clause of the contract in question and the fact that pulmonary disease and chronic bronchitis are named, but not broncho-pneumonia, we think, should not determine the result against the beneficiary of the contract. In Metropolitan Life Ins. Co. v. Bergen, 64 Ill. App. 685, it is held that "pulmonary disease" does not include "pneumonia, which is but a temporary inflammation" of the lungs, though it must be conceded that it frequently leads to a result of a permanent nature. We find nothing to the contrary in Meyer v. Fidelity & Casualty Co., 96 Iowa, 385, 65 N. W. 328, 59 Am. St. Rep. 374. It in fact supports the ruling in the Illinois case.

[2] And if there be doubt about it, then "the purpose of interpretation is, within the terms of the policy, to advance the object of the obligation and secure to the insured the protection he had reason to think he was getting." Standard Accident v. Hoehn, 215 Ala. 109, 110 So. 7. Or, as we said in Mutual Life v. Barrett, 215 Ala. 142, 110 So. 275, "the rule of favor" to the insured in policy contracts "will be applied when the policy, the subject of construction, is reasonably susceptible of two constructions consistent with the object [general purpose] of the obligation," citing cases. In the present case it seems very doubtful that the policy intends to cut down the benefit of its provision in cases of death from broncho-pneumonia—this especially so since the policy does in terms provide to that effect in cases of chronic bronchitis.

This court is therefore of opinion that the judgment of the trial court for the full amount of the policy should be affirmed.

Writ granted.

All the Justices concur, except GARDNER, J., not sitting.