145 So. 131

## GIBBONS et al. v. NORTON et al.

### 4 Div. 674.

Supreme Court of Alabama.

Dec. 22, 1932.

Oscar L. Tompkins, of Dothan, for appellants.

F. W. Fish, of Abbeville, for appellees.

### GARDNER, J.

Upon final settlement by L. E. Gibbons, as guardian for the minors named in this proceeding, the court held the guardian responsible and accountable for the sum of $44.63 on deposit in the Abbeville State Bank, which became insolvent while said sum was on deposit and closed its doors on March 27, 1931.

The evidence was without conflict that, at the time of the deposit and continuing to its failure, the said bank bore a good reputation; the guardian acted in good faith, and with sound discretion in making the deposit, and without notice of any facts indicating insolvency. The money was deposited by said Gibbons in his representative capacity as guardian. The guardian has duly accounted for all funds received and disbursed, all of which has met the approval of the court, with the exception of the above-stated sum on deposit in the Abbeville Bank, now insolvent.

"Our decisions approve a temporary deposit to a trust account in a responsible bank, by a trustee, acting in good faith and with discretion, and relieve such trustee of any liability by reason of the deposit in the event of a failure of the bank." First National Bank v. Weaver (Ala. Sup.) 142 So. 420, 421 [1]—citing approvingly Chancellor v. Chancellor, 177 Ala. 44, 58 So. 423, 45 L. R. A. (N. S.) 1, Ann. Cas. 1915C, 47, where the question is discussed and the authorities noted. See, also, Bates v. Jones, 224 Ala. 82, 139 So. 242.

The case for the guardian is brought within the influence of this well-recognized principle, and the decree rendered was therefore grounded in error. The decree is accordingly reversed, and one here rendered relieving the guardian of said sum and discharging him and his surety from further liability on account of said guardianship.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

