147 So. 886

## WRIGHT v. PRICE.

### 4 Div. 684.

Supreme Court of Alabama.

April 13, 1933.

Rehearing Denied May 18, 1933.

See, also, ante, p. 468, 147 So. 675.

O. S. Lewis, of Dothan, for appellant.

Halstead & Halstead, of Headland, for appellee.

**ANDERSON, Chief Justice.**

This case involves the right to the custody of a minor child between the grandmother on the father's side and a brother of the child's deceased mother. There is no material dispute as to the facts, the substance of which is set out by the reporter.

We are in accord with the expression of the learned trial Judge, "the matter is one of exceeding delicacy and great responsibility," and only wish that we had the wisdom of King Solomon who first dealt with a controversy of this character so as to be able to solve the problem so convincingly correct as was done by him, but, not being endowed with his wisdom, we can only do our best to reach the right result in applying the law to the facts in hand.

■ We are also in accord with the trial judge in the statement: "It is not the interest of the grandmother, nor that of the uncle, but the best interests of the child and its present and future welfare that is the question of prime importance for the solution of the court. Nor is the question of comparison of financial ability a matter of controlling influence, though, of course, to be given some consideration in connection with the ability of the parties to properly care for the child. If financial ability alone is the question of prime importance or of controlling influence, the conclusion would be favorable to the respondent." It was therefore conceded that the uncle, the respondent, could give the child better advantages as to home, comforts and higher education, as well as a prospective inheritance, and, with other things being equal, this fact should be of some moment. Apart from this, however, and excluding sentimental reasons to some extent, we are of the opinion that there are other matters in favor of the uncle. He and his wife are childless and the indications are will have no children, and this child will be the center and undivided object of their care and affection. They both bear excellent characters, and the circumstances under which the child lost her mother will naturally endear her to the mother's brother. She will be removed from an unwholesome environment growing out of the tragic death of her mother, and the sooner the better. While the grandmother has no doubt grown attached to this unfortunate child, she has other children and perhaps grandchildren calling for a division of her affection and attention, and her business as well as domestic surroundings are not such as will enable her to give the same time and attention to this child as she can receive from her uncle and aunt. This grandmother has a good character, and would no doubt do the best she could for this child, and will perhaps feel most keenly the separation, but separations sooner or later are inevitable, and she should be willing to sacrifice her feelings to some extent for the benefit and betterment of this grandchild who has such benefits and advantages as are held out to her by this uncle and aunt.

■ ■ True, this child, who was seen by the court, expressed a preference for the grandmother which was rather secondary to being with "Carroll." We realize that the preference of a child who is of sufficient age to exercise discretion in choosing its custodian is entitled to much weight, but this is not conclusive, and, in any event, the welfare of the child is a consideration paramount to its preference, and we feel constrained to hold that the custody of this child be left with the respondent.

■ We are not unmindful of the rule that a presumption should be indulged in favor of the conclusion of the trial judge who sees and hears the witnesses when there is a conflict in the evidence, but here there is no material conflict and nothing upon which to base this general presumption.

The decree of the circuit court is reversed, and one is here rendered awarding the respondent the custody of the child and remanding the cause in order that the trial court may direct the delivery of the child to the appellant, and the cause will remain in fieri in order that the Houston circuit court, in equity, may make any proper orders looking to the visits of the child to her grandmother or modify the decree so as to meet any change in the future status of the parties.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.