**JOLLY et al. v. RICHARDSON et al.**

8 Div. 627.

Supreme Court of Alabama.
May 16, 1935.

Rehearing Denied June 20, 1935.

E. W. Godbey, of Decatur, for appellants.

J. G. Rankin, of Athens, for appellees.

ANDERSON, Chief Justice.

It is well settled by the decisions of this court that a guardian, trustee or administrator may make temporary deposits of trust funds in a responsible bank, acting in good faith and with discretion, and will not be held liable for such funds in event of a failure of said bank. Barnes v. Clark, 227 Ala. 651, 151 So. 586, 90 A. L. R. 637; Gibbons v. Norton, 225 Ala. 650, 145 So. 131.

Of course, to come within the protection of the above-stated rule, the trustee must not deposit the funds in his own name nor commingle the account with his own in the bank, for, if he does, his liability will become absolute, and he cannot escape liability by reason of good faith, prudence of judgment, or upon the fact that he may have disposed of his own funds in the same way. Chancellor v. Chancellor, 177 Ala. 44, 58 So. 423, 45 L. R. A. (N. S.) 1, Ann. Cas. 1915C, 47.

We think the evidence shows that the appellee deposited the fund in question in his representative rather than individual capacity; that he did so as administrator. True, the books of the bank show that the deposits were to him as administrator and did not specify or designate the estate to which the fund belonged, but it also appears that before the bank closed, the account was designated on the books as being the estate of "Will Jolly." It also appears that the only checks drawn against the fund were drawn by the appellee as administrator of "Will Jolly," and which were paid by the bank. In other words, we think the books of the bank were such as to enable the beneficiaries to establish their claim or ownership to the fund in case of the death of Richardson, the administrator, and that it did not belong to him individually.

We think that the evidence fails to charge the appellee with notice of the failing condition of the bank when the deposits were made.

 True, practically all of the funds involved were from the federal government, a part paid to Jolly before his death, and the balance to this appellee just before the bank closed, but we do not think it was the duty of the appellee to have turned this fund over to the widow and minor children in advance of the orderly proceedings in the probate court; certainly not before the deferred payments had been collected from the government. True, these funds were exempt from the payment of the debts of the decedent, but the government required a legal administration on his estate, and it was not incumbent upon the administrator to pay over or disburse the fund in advance of an orderly administration which he was attempting to bring to a close when the bank failed.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.