166 So. 425

HAMILTON et al. v. JAMES.

8 Div. 710.

Supreme Court of Alabama.

March 5, 1936.

J. B. Davis and Wm. M. Kelly, both of Tuscaloosa, for appellants.

W. L. Chenault, of Russellville, for appellee.

THOMAS, Justice.

The appeal is from a decree of the circuit court in equity, and a later decree overruling the application or motion for rehearing in equity. The appeal and as- signment of errors are by Wilson James, a non compos mentis, by H. H. Hamilton, as guardian ad litem, and Frank T. Hines, as next friend and administrator of Veterans' Affairs.

The administration in the probate court was removed to the circuit court, in equity, at the instance of the guardian of such ward, and invoked to that end under the inherent powers of the court to ascertain and declare in a question of conflict of interest between the guardian and the ward. The removal, therefore, was not to be tested by the statutes. Sections 6478, 8101, Code 1923; First Nat. Bank of Oneonta et al. v. Robertson, 220 Ala. 654, 127 So. 221.

A court of equity has general jurisdiction in the due administration of estates for the due protection of parties in interest, on due insistence. This bill was so filed and a guardian appointed by the chancery court to protect the non compos mentis, and there was a due note of submission for a decree, which was rendered of date of July 30, 1935. Kelen v. Brewer et al., 221 Ala. 445, 129 So. 23.

The original hearing was on the tes timony of the general guardian and H. E. Harbin, manager of the Russellville branch of the Tennessee Valley Bank; and the guardian was relieved by a decree of July 30, 1935, from the payment of the balance of the fund deposited temporarily and in good faith, without knowledge or any fact that would put him on inquiry as to the solvency of the bank. The court of equity, as the general guardian of such ward, of whose estate it had assumed jurisdiction and the due administration thereof, had the power to charge or relieve the guardian and surety from liability on the evidence adduced. Barnes et al. v. Clark et al., 227 Ala. 651, 151 So. 586, 90 A.L.R. 637; Gibbons et al. v. Norton et al., 225 Ala. 650, 145 So. 131; Boutwell et al. v. Drinkard et al., 230 Ala. 212, 160 So. 349.

This case is not within the rule of Chancellor v. Chancellor, 177 Ala. 44, 58 So. 423, 45 L.R.A.(N.S.) 1, Ann.Cas.1915C, 47.

Moneys that are so deposited in a bank that suspends payment, held to have no right of preference for payment in the bank's liquidation, and are determinable on principles applicable to any other trust. Robinson v. Williams, Superintendent, 229 Ala. 692, 159 So. 239. Therefore, the real

question for decision is the liability of the guardian and sureties for the loss sustained by the trust funds being temporarily deposited in the bank, as indicated by the evidence and on which the decree of July 30, 1935, was rendered.

This court takes judicial knowledge of the federal statutes having application, and of the Presidential Proclamations concerning appointments of agents of the government (Louisville & N. R. Co. et al. v. Shikle, 206 Ala. 494, 90 So. 900), and the proclamation of date of March 1, 1933, by the Governor, declaring a moratorium that temporarily closed all banking institutions (King v. Porter, 230 Ala. 112, 160 So. 101). It was under such order or proclamation of the President and Governor that the bank in question was closed. It was later, on authority of the banking department, opened conditionally and permitted to continue business on a "restricted basis," and in such operation it has paid only a 12 and one-half per cent. dividend, declared on deposits.

There is no presumption to be indulged in favor of the correctness of the decree of July 30, 1935, since there was no conflict of testimony (Barnes et al. v. Clark et al., 227 Ala. 651, 151 So. 586, 90 A.L.R. 637; Wright v. Price, 226 Ala. 591, 147 So. 886), yet upon a re-examination of the evidence on the original hearing, we hold the decree rendered was warranted.

The guardian did not deposit the trust funds in his own name; nor did he commingle them with his individual funds. And it was shown that he acted in the same good faith, and with the same discretion, prudence, or good judgment that he would have used in handling his own funds, under the existing and well recognized general conditions of the time. King v. Porter, 230 Ala. 112, 160 So. 101; Barnes et al. v. Clark, et al., 227 Ala. 651, 151 So. 586, 90 A.L.R. 637.

If, as urged in argument, the evidence on the rehearing is different from that introduced on the original hearing, the motion and evidence supporting the rehearing were an appeal to the trial court, in the exercise of its general and discretionary powers and those of its judge sitting in equity and hearing as he did under the rule of chancery practice, No. 81. Appellants' counsel state in brief supporting the motion for rehearing, that it was overruled, exception reserved, and that it was "from this order that the appeal is prosecuted."

Where a cause is removed from a probate court into a court of equity, the proceeding had and the rules and practice that prevail are the general jurisdiction and procedure of the court of equity and the powers conferred by law. The proceeding for a rehearing in equity not being subject to revision by appeal, questions and matters so presented are not for consideration; and any discussion thereof, as here presented, would be dictum. Van Schaick, Superintendent of Insurance of New York, v. Goodwyn et al., 230 Ala. 687, 163 So. 327; Carlisle et al. v. Carmichael et al., 222 Ala. 182, 131 So. 445; Ex parte Gresham, 82 Ala. 359, 2 So. 486.

The appellee was appointed guardian for the ward; the interest of the general guardian being shown to be adverse to that of the estate of which he was guardian, it was the duty of the court or register to appoint a guardian ad litem, which was done, in the appointment and qualification of H. H. Hamilton, as guardian ad litem. He qualified and represented the interest of the ward as such officer of the court on the original hearing of the bill filed by the guardian of the ward appointed by the probate court, and so represented the ward on his motion for a rehearing and in the appeal to this court.

Under the pleading and procedure of this case, we are invoked, in brief of the administrator of Veterans' Affairs and as next friend of Wilson James, the non compos mentis, to declare the right, necessity, or place for intervention by a representative of that association or bureau under General Acts of 1931, p. 280; section 21 (2), World War Veterans Act, as amended May 29, 1928, 38 U.S.C.A. § 450; and White v. White, 230 Ala. 641, 162 So. 368, in a proper case for the protection of the ward and the trust fund given for his benefit. We may indicate that the association assisted the guardian ad litem in this case on the motion for a rehearing and in his brief on file in this court, as next friend of Wilson James.

We have declared that no appeal lies from the action of a trial court in ruling on a motion for rehearing in equity. The question now urged is not for decision.

It results that no reversible error was committed by the trial court and its decree is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.