175 So. 554

## AMERICAN LIFE INS. CO. v. WILLIAMS.

### 6 Div. 152.

Supreme Court of Alabama.

June 28, 1937.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellant.

Horace C. Alford, of Birmingham, for appellee.

FOSTER, Justice.

This is a suit on a policy of industrial life insurance issued by appellant on the life of Nathaniel Williams without a physical examination.

The pleas and replications were in short by consent with leave to give in evidence any matter which would be a legal defense or in reply to such defense.

The policy was issued August 26, 1935; insured died January 6, 1936. The policy contained a clause that, if the death of the insured occurred within nine months from the date of delivery of the policy on account of any of the following diseases, pulmonary disease, chronic bronchitis, cancer, or disease of the heart, liver, or kidneys, liability under it was limited to a return of the premiums paid. (This is not intended as an attempt to quote the terms of the policy, but to state its substance.) ·

Defendant claimed that insured died of a pulmonary disease, to wit, tuberculosis, and also claimed an accord and satisfaction, in that on January 7, 1936, defendant paid plaintiff, who was the beneficiary, the sum of $1.20, alleged to be the amount of premiums which had been paid in so far as this insured was concerned, when she executed a receipt to defendant for said sum in which the recital is made that it is "in full for all claims against said company upon (the) policy issued on the life of Nathaniel Williams."

The evidence was to the effect that on that day, which was next succeeding that of his death, plaintiff went to the office of defendant, and reported the death, and said that she was told he died of tuberculosis, whereupon she signed a statement giving the information sought by various questions. One was that he died of "pleurisy and tuberculosis." She signed the statement containing those answers. Thereupon, she says, the manager for defendant said he would save her some trouble and gave her $1.20, and told her to go home and he would see her later; that she did not know what kind of paper she signed, and did not read it, neither did the manager read it to her. She says he did not tell her it was for the premiums that had been paid.

The evidence for the defendant on that point tended to show that the manager and cashier read to plaintiff the clause which we have mentioned, and told her that the company would only pay her the premiums which had been paid, to wit, $1.20, because insured died of pleurisy and tuberculosis, and that she said all right and signed the receipt and received the $1.20.

She had not offered to return this amount and did not make such offer on the trial, though she claims she is not bound by the receipt as a full settlement, since a legal fraud was perpetrated, or what is equivalent to it. Defendant contends that she cannot set up that claim except upon a return of the amount paid her or an offer to do so. But this court in Kyser v. Southern Building & Loan Ass'n, 224 Ala. 673, 141 So. 648, after noting the general rule that it is necessary to return the amount of value received under a contract sought to be rescinded, or offer to do so, referred to an exception which exists when the amount so received is what he was entitled to at all events, and when its retention merely reduces the liability to plaintiff, the defendant admitting it to be due though his defense should prevail.

The only defense here was to the effect that because of the terms of the policy the $1.20 was due and all that was due. So that, on defendant's contention, plain-

tiff was entitled to retain it and had no duty to return it or offer to do so.

But regardless of the question of whether there was fraud or its equivalent in procuring the receipt as a contract of accord and satisfaction, another inquiry is, whether an accord and satisfaction under those circumstances was supported by a sufficient consideration. In 1 Corpus Juris Secundum, Accord and Satisfaction, p. 504, it is said, "and claim for the full amount of a life insurance policy is not discharged by the acceptance of a sum equal to twice the premiums paid, tendered under the terms of the policy on the theory that the insured committed suicide." It was also said "that a transaction of this character is clearly distinguishable from one in which the whole of a claim or demand is in dispute and there is paid and received in settlement the amount which the debtor believes or concedes to be due or is willing to pay." The case cited of Zinke v. Knights of Maccabees, 198 Mo.App. 399, 200 S.W. 99, supports this text.

This is said to be true notwithstanding the general rule that the acceptance of a part of a single indebtedness with a discharge of the balance is binding only when there is a dispute as to whether there is a balance. 1 Amer.Jur. p. 251, § 64; 1 Corpus Juris Secundum, Accord and Satisfaction, p. 512, § 32. In Buel v. Kansas City Life Ins. Co., 32 N.M. 34, 250 P. 635, 52 A.L.R. 367, the principle was applied to double indemnity insurance, when there was never a dispute as to the single indemnity, which was paid. It was said that by paying it the insured obtained nothing to which she was not entitled, and insurer paid nothing it could rightfully retain. So that there was no consideration for releasing double indemnity. That theory was also given effect in American Nat. Ins. Co. v. Reed, 26 Ala.App. 350 (3), 160 So. 543 (certiorari denied 230 Ala. 221, 160 So. 546); and see Richter v. Richter, 180 Ala. 218, 60 So. 880; Crownover v. Crownover, 216 Ala. 286, 113 So. 42.

The authorities reason that the payment of an amount admitted to be due in respect to one feature of a transaction cannot be the basis of an agreement to forego another feature of it, though the latter is disputed or unliquidated. Brent v. Whittington, 214 Ala. 613, 108 So. 567;

1 Corpus Juris Secundum, Accord and Satisfaction, p. 502, § 29 (2).

So that plaintiff was not precluded from her claim now made that insured did not die from a pulmonary disease, because of the alleged accord and satisfaction, whether it was procured by fraud or not. It was not based on sufficient consideration.

The next question is whether the motion for a new trial should have been granted because it was against the great weight of the evidence. When such a motion is denied by the trial court, and the verdict is largely dependent upon the credibility of the witnesses, to reverse the judgment on that motion the weight of the evidence must be so strong that there can be no reasonable doubt but that the verdict was the result of passion, prejudice, bias, favor, or some other motive which should not be controlling. Wolf v. Doe ex dem. Delage, 150 Ala. 445, 43 So. 856; Alabama Great Southern R. R. Co. v. Randle, 215 Ala. 535 (4), 112 So. 112. The same is true in respect to matters in the discretion of the jury. Veitch v. Southern Railway, 220 Ala. 436, 126 So. 845.

But when the evidence is without dispute in material respects, and the question hinges on a proper interpretation of it, the rule is different, whether at law or in equity. Wright v. Price, 226 Ala. 591, 147 So. 886; Barnes v. Clark, 227 Ala. 651, 151 So. 586, 90 A.L.R. 637; Hamilton v. James, 231 Ala. 668, 166 So. 425.

The rule pertaining to presumptions on appeal at law and in equity when the evidence is given in open court is the same. In equity, see 2 Alabama Digest Appeal and Error, p. 734, § 931 (1); at law, 2 Alabama Digest Appeal and Error, p. 763, § 987 (2).

The burden of proof was on defendant to show that insured died of a pulmonary disease. This burden was prima facie sustained by the introduction of the death certificate under section 1087, Code, as amended by Gen.Acts 1927, p. 780. Liberty National Life Ins. Co. v. Tellis, 226 Ala. 283, 146 So. 616; Birmingham Trust & Savings Co. v. Acacia Mutual Life Ass'n, 221 Ala. 561, 563, 130 So. 327. It then becomes the duty of plaintiff to overcome or rebut the presumption.

The question is whether there was a reasonable inference from all the evidence that this presumption was overcome. The doctor who made the certificate testified for plaintiff, and in substance confirmed it. We do not think the verdict of the jury sufficiently and properly gave effect to that presumption or to the circumstances supposed to outweigh it, though the court correctly charged them. Southern Life & Health Ins. Co. v. Drake, 217 Ala. 601, 117 So. 402. There is no material conflict in the evidence with respect to this question. We think the motion for a new trial should have been granted on that ground. A discussion of the evidence would be improper, in view of another trial.

Reversed, and remanded.

ANDERSON, C. J., and BOULDIN and THOMAS, JJ., concur.